SUPERMARKETS OIL CO., INC., PETITIONER-RESPONDENT, v. TOWNSHIP OF MANALAPAN, RESPONDENT-APPELLANT.

SUPERMARKETS OIL COMPANY, INC., PETITIONER-APPELLANT, v. TOWNSHIP OF FREEHOLD, RESPONDENT-RESPONDENT.

SUPERMARKETS OIL CO., INC., PETITIONER-APPELLANT, v. TOWNSHIP OF MANALAPAN, RESPONDENT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted May 20, 1975—Decided June 3, 1975.

Before Judges HALPERN, CRAHAY and WOOD.

*Mr. Marvin E. Schaefer,* attorney for appellant-respondent Township of Manalapan.

*Messrs. Wilentz, Goldman & Spitzer,* attorneys for respondent-appellant Supermarkets Oil Company, Inc. (*Mr. Harold A. Kuskin* of counsel; *Mr. Thomas L. Weisenbeck* on the brief).

*Mr. ·John A. Kaye,* attorney for respondent Township of Freehold (*Mr. Duane O. Davison* on the brief).

PER CURIAM. Supermarkets Oil Co. is the owner of a tract of land with a total area of 1.89 acres, which is composed of three lots, lying partly in the Township of Manalapan and partly in the Township of Freehold, both municipalities in Monmouth County. Upon the land there is a gasoline service station. Each municipality assessed and levied taxes for the year 1973 on part of the land and the improvements thereon. Supermarkets, contending that a significant portion of the land and improvements was thus subjected to double taxation, appealed to the Monmouth County Board of Taxation, which denied relief. Supermarkets then appealed to the Division of Tax Appeals from the assessments by both townships. The Division consolidated these appeals and, after a full hearing, entered judgment determining the location of the boundary line between the two municipalities upon the land in question, and thus the portion of the land and improvements to be assessed by each municipality, and determining the amount of such assessments. From this judgment three appeals were taken.

In A–3641–73 Manalapan seeks reversal of the judgment on the grounds that the Division lacked jurisdiction to determine the boundary line between the municipalities and that its determination of the location of that line and the assessments consequent on that determination were erroneous.

In A–3761–73 Supermarkets asserts error in the assessment valuation of land determined to be taxable by Manalapan.

In A–3745–73 Supermarkets contends that if the Division's judgment in A–3641–73 should be reversed as a result of Manalapan's appeal, then the judgment permitting Freehold to tax the same area should be reversed since real estate may not be taxed by more than one municipality.

■ We consolidate these appeals on our own motion and affirm the judgment of the Division of Tax Appeals substantially for the reasons expressed in the opinion of Judge Doherty. While we are not prepared to rule that the Division has legal authority to settle boundary disputes generally[1] between municipalities, we agree with the Division that as a part of its obligation to determine the correctness of assessed valuations placed on real property by municipalities it necessarily has the power and the duty, in cases where more than one municipality seeks to assess the same premises, to determine what portion of the premises lies within each municipality and so may be assessed by it. The location of the municipal boundary on the land in question is thus a matter of fact which the Division may and must determine.

■ The judgment of the Division of Tax Appeals, having ample support in the evidence in the record, is accordingly affirmed.

---

[1]Indeed, Judge Doherty's opinion concedes that the Division does not have such plenary authority. Our statutes provide for two possible methods of procedure for the resolution of municipal boundary disputes: either by action commenced by one of the disputing municipalities (*N. J. S. A.* 40:43–67) or by action instituted by the county board of chosen freeholders (*N. J. S. A.* 40:18–14). Resolution of boundary disputes between private owners is governed by *N. J. S. A.* 2A:28–1 *et seq.*